IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel., MIKE HUNTER, ATTORNEY GENERAL OF OKLAHOMA,<br><br>    Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P.; et al.,<br><br>    Defendants. | Case No. CJ-2017-816 |

**DEFENDANT PURDUE PHARMA INC.'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to 12 O.S. § 3233, Defendant Purdue Pharma Inc. submits the following interrogatories to the Plaintiff State of Oklahoma ("the State" or "You"). You are required to answer each interrogatory separately and fully under oath, and to serve a copy of the answers upon counsel for Purdue Pharma Inc. within 30 days of service of these interrogatories.

**INSTRUCTIONS**

1.      These interrogatories are directed toward all knowledge or information known or available to the State, including knowledge or information in the possession, custody, or control of the State's employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), or any other person or entity within the State's control, or available to it upon reasonable inquiry.  Where interrogatories cannot be answered in full, they shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever knowledge, information, or belief You possess with respect to each unanswered or incompletely answered

**EXHIBIT 1**

interrogatory, including an identification or description of all other sources of more complete or accurate information.

2. Pursuant to 12 O.S. § 3226(E), these interrogatories shall be deemed continuing so as to require amended answers if You obtain information on the basis of which You know that any response made was incorrect when made or, although correct when made, is no longer true.

3. As to every interrogatory which You fail to answer in whole or in part on the ground that the information sought involves a document or oral communication which You contend to be privileged or otherwise protected from disclosure, state in detail:

    a. the portion of the interrogatory to which the response is claimed to be privileged;

    b. the identification of the document, as defined below;

    c. the general subject matter of the document or communication;

    d. the author and all recipients of any document, and the persons involved in any oral communication;

    e. the identity of any other persons having knowledge of the document or communication involved;

    f. the nature of the privilege claimed; and

    g. every fact on which You base the claim of privilege or that the information need not be disclosed.

4. Each Interrogatory relates to the Relevant Time Period unless otherwise specified.

5. Where You have a good faith doubt as to the meaning or intended scope of an interrogatory, and Your sole objection would be to its vagueness, please contact counsel for

Purdue Pharma Inc. in advance of asserting an unnecessary objection. The undersigned counsel will provide additional clarification or explanation as needed.

6. If You answer an Interrogatory by reference to Documents from which the answer may be derived or ascertained, please: (i) describe the Documents or things to be provided in sufficient detail to permit the location and ascertainment of the answer, including any document production number; (ii) provide any relevant compilations, abstracts, or summaries of the Documents or things in Your possession, custody, or control; (3) state the identity of the file or files in which each such Document or thing is or was found; and (4) produce the Documents or things for inspection and copying.

## DEFINITIONS

1. "Complaint" refers to your Original Petition filed June 30, 2017, and exhibits, as well as any subsequent amendments.

2. The term "employee" includes all current and former employees, independent contractors, and individuals performing work as temporary employees.

3. "Healthcare Professional(s)" or "HCP(s)" is any person who prescribes, administers, or dispenses any Relevant Medication or Medication Assisted Treatment to any person or animal.

4. "Key Opinion Leader(s)" or "KOL(s)" is used herein consistent with its meaning in the Complaint ¶ 58.

5. "Oklahoma Agency" or "Oklahoma Agencies" collectively refers to any State entity involved in regulating, monitoring, approving, reimbursing, or prosecuting the prescription, dispensing, purchase, sale, use, or abuse of controlled substances in Oklahoma, including, but not limited to, the Oklahoma Office of the Governor, Oklahoma Legislature,

Oklahoma Office of the Attorney General, Oklahoma Department of Corrections, Oklahoma Department of Public Safety, Oklahoma State Department of Health, Oklahoma State Bureau of Investigation, Oklahoma Bureau of Narcotics and Dangerous Drugs Control, Oklahoma Department of Mental Health and Substance Abuse Services, Oklahoma Health Care Authority, Oklahoma State Board of Dentistry, Oklahoma State Board of Medical Licensure and Supervision, Oklahoma State Board of Nursing, Oklahoma State Board of Pharmacy, Oklahoma State Board of Veterinary Medical Examiners, Oklahoma Workers' Compensation Commission, Office of the Medical Examiner of the State of Oklahoma, and their respective predecessors, supervisory and subordinate organizations, and current or former employees.

6. "Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural or synthetic chemicals that bind to receptors in a patient's brain or body to produce an analgesic effect.

7. "Patient(s)" is any human being to whom an Opioid is prescribed or dispensed.

8. "Program(s)" is every program administered by an Oklahoma Agency that reviews, authorizes, and determines the conditions for payment or reimbursement for Opioids, including, but not limited to, the Oklahoma Medicaid Program, as administered by the Oklahoma Health Care Authority, and the Oklahoma Workers Compensation Commission.

9. "Purdue Defendants" shall refer to Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.

10. "Relevant Medication(s)" includes any and all drugs, branded or generic, consisting of natural or synthetic chemicals that bind to opioid receptors in a Patient's brain or body to produce an analgesic effect, whether or not listed in the Complaint, including, but not

limited to codeine, fentanyl, hydrocodone, hydromorphone, methadone, morphine, oxycodone, oxymorphone, tapentadol, and tramadol.

11. "Relevant Time Period" means January 1, 2007 to the present, or such other time period as the parties may later agree or the Court determines should apply to each side's discovery requests in this action.

12. "Vendor" means any third-party claims administrator, pharmacy benefit manager, HCP, or person involved in overseeing, administering, or monitoring any Program.

13. "You," "Your," "State," "Oklahoma," and "Plaintiff" refer to the sovereign State of Oklahoma and all its departments, agencies, and instrumentalities, including current and former employees, any Vendor, and other persons or entities acting on the State's behalf.

14. The words "and" and "or" shall be construed conjunctively as well as disjunctively, whichever makes the request more inclusive.

15. "Any" includes "all" and vice versa.

16. The term "including" shall be construed to mean "including but not limited to."

17. The singular of each word includes its plural and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe the complete public nuisance abatement and the complete injunctive relief that You seek, if any, including in Your description the nature, terms, and scope of the relief sought, any conduct that You seek to prohibit, and any affirmative conduct that You seek to compel.

**INTERROGATORY NO. 2:** For the 95,499 prescriptions identified in paragraph 35 and Exhibit 1 of the Complaint, identify which of those prescriptions were "unnecessary" or "excessive" as alleged in paragraph 34 of the Complaint, including, but not limited to, the date of

the prescription, the amount of the prescription, the cost of the prescription, and the amount of that cost paid for or reimbursed by You.

**INTERROGATORY NO. 3:** For each prescription You identified as "unnecessary or excessive" in response to Interrogatory No. 2, describe Your basis for alleging that it was "unnecessary or excessive."

**INTERROGATORY NO. 4:** For each prescription You identified as "unnecessary or excessive" in response to Interrogatory No. 2, identify the name and address of the HCP who issued the prescription, the name and address of the Patient to whom the prescription was issued, the diagnosis of the Patient receiving the prescription, and the name of the State or Oklahoma Agency employee(s) who approved Your payment or reimbursement of each such prescription.

**INTERROGATORY NO. 5:** For each State or Oklahoma Agency employee You identified in response to Interrogatory No. 4, identify each misrepresentation that caused that employee to approve the payment for or reimbursement of each "unnecessary or excessive" prescription You identified in response to Interrogatory No. 2, including the date the employee received that misrepresentation and the means by which that misrepresentation was communicated to that employee.

**INTERROGATORY NO. 6:** Identify each instance in which You or any other entity that provides or administers benefits for Your Programs denied payment or reimbursement for a prescription of any Opioid sold by Purdue Defendants as "unnecessary or excessive," and describe the details of the denial, including the date, claim number, the Opioid prescribed, the identify the name and address of the HCP, identify the name and address of the Patient, the reason(s) given for the denial, and associated records or other documentation.

6

**INTERROGATORY NO. 7:** Identify each instance in which You or any other Oklahoma Agency or entity that provides or administers benefits for Your Programs denied payment or reimbursement for a prescription of any Opioid sold by Purdue Defendants as "unnecessary or excessive," and describe the details of the denial, including the date, claim number, the Opioid prescribed, the identify the name and address of the HCP, identify the name and address of the Patient, the reason(s) given for the denial, and associated records or other documentation.

**INTERROGATORY NO. 8:** Identify the prescriptions of Opioids sold by Purdue Defendants that were issued to Oklahoma Patients as a result of Purdue Defendants' allegedly false representations about the risks and benefits of Opioids and/or omission of information (*see, e.g.*, Compl. ¶ 53), including the date of each prescription, the identity of the HCP who wrote the prescription, the misrepresentation and/or omission by Purdue Defendants that caused that HCP to write the prescription, the name and address of the Patient who received the prescription, the diagnosis of the Patient receiving the prescription, the amount of the prescription, and any harm to the Patient that allegedly resulted from the prescription.

**INTERROGATORY NO. 9:** Identify the prescriptions of Opioids sold by Purdue Defendants that were issued to Oklahoma Patients as a result of Purdue Defendants' sale representatives "who spoke directly to doctors and repeated their misrepresentations, falsely representing the risk of addiction was low and touting unsubstantiated benefits of long term opioid treatment," as alleged in paragraph 54 of the Complaint, including the date of each prescription, the identity of the HCP who wrote the prescription, the misrepresentation and/or omission by Purdue Defendants that caused that HCP to write the prescription, the name and address of the Patient who received the prescription, the diagnosis of the patient receiving the

prescription, the amount of the prescription, and any harm to the Patient that allegedly resulted from the prescription.

Dated April 18, 2018

Respectfully submitted,

_____
Sanford C. Coats, OBA No. 18268
Cullen D. Sweeney, OBA No. 30269
Joshua D. Burns, OBA No. 32967
CROWE & DUNLEVY, P.C.
Braniff Building
324 N. Robinson Ave., Ste. 100
Oklahoma City, OK 73102
Tel: (405) 235-7700
Fax: (405) 272-5269
sandy.coats@crowedunlevy.com
cullen.sweeney@crowedunlevy.com
joshua.burns@crowedunlevy.com

Of Counsel:

Sheila Birnbaum
Mark S. Cheffo
Hayden A. Coleman
Paul A. LaFata
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com
paullafata@quinnemanuel.com

*Counsel for Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

...

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2018, I caused a true and correct copy of the following:

**DEFENDANT PURDUE PHARMA INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

to be served by e-mail upon the counsel of record listed on the attached Service List.

_____
Cullen D. Sweeney

## SERVICE LIST

WHITTEN BURRAGE
Michael Burrage
Reggie Whitten
512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
mburrage@whittenburragelaw.com
rwhitten@whittenburragelaw.com
Phone: (405) 516-7800
Fax: (405) 516-7859
*Counsel for Plaintiff the State of Oklahoma*

NIX, PATTERSON & ROACH, LLP
Bradley E. Beckworth
Jeffrey J. Angelovich
512 N. Broadway Ave., Suite 200
Oklahoma City, OK 73102
bbeckworth@nixlaw.com
jangelovich@npraustin.com
Phone: (405) 516-7800
Fax: (405) 516-1616
*Counsel for Plaintiff the State of Oklahoma*

ODOM, SPARKS & JONES PLLC
Benjamin H. Odom, OBA No. 10917
John H. Sparks, OBA No. 15661
HiPoint Office Building
2500 McGee Drive Ste. 140
Oklahoma City, OK 73072
Telephone: (405) 701-1863
Facsimile:  (405) 310-5394
Email: odomb@odomsparks.com
Email: sparksj@odomsparks.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a/ Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc.*

OKLAHOMA OFFICE OF THE
ATTORNEY GENERAL
Mike Hunter
Abby Dillsaver
Ethan A. Shaner
313 NE 21st St
Oklahoma City, OK 73105
abby.dillsaver@oag.ok.gov
ethan.shaner@oag.ok.gov
Phone: (405) 521-3921
Fax: (405) 521-6246
*Counsel for Plaintiff the State of Oklahoma*

GLENN COFFEE & ASSOCIATES, PLLC
Glenn Coffee
915 N. Robinson Ave.
Oklahoma City, OK 73102
gcoffee@glenncoffee.com
Phone: (405) 601-1616
*Counsel for Plaintiff the State of Oklahoma*

CROWE & DUNLEVY, P.C.
Sanford C. Coats, OBA No. 18268
Cullen D. Sweeney, OBA No. 30269
Joshua D. Burns, OBA No. 32967
Braniff Building
324 N. Robinson Ave., Ste. 100
Oklahoma City, OK 73102
Tel: (405) 235-7700
Fax: ( 405) 272-5269
sandy.coats@crowedunlevy.com
cullen.sweeney@crowedunlevy.com
joshua.burns@crowedunlevy.com

*Counsel for Defendants Purdue Pharma L.P. and Purdue Pharma Inc.,*

O'MELVENY & MYERS LLP
Charles C. Lifland
Jennifer D. Cardelús
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: clifland@omm.com
Email: jcardelus@omm.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a/ Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc.*

O'MELVENY & MYERS LLP
Stephen D. Brody
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: sbrody@omm.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a/ Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc.*

GABLEGOTWALS
Robert G. McCampbell, OBA No. 10390
Nicholas V. Merkley, OBA No. 20284
One Leadership Square, 15th Fl.
211 North Robinson
Oklahoma City, OK 73102-7255
T: + 1.405.235.5567
RMcCampbell@Gablelaw.com
TJett@Gablelaw.com

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a/ Watson Pharma, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sheila Birnbaum
Mark S. Cheffo
Hayden A. Coleman
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

*Counsel for Defendants Purdue Pharma L.P. and Purdue Pharma Inc..*

MORGAN, LEWIS & BOCKIUS LLP
Steven A. Reed
Harvey Bartle IV
Jeremy A. Menkowitz
1701 Market Street
Philadelphia, PA 19103-2921
T: +1.215.963.5000
Email: steven.reed@morganlewis.com
Email: harvey.bartle@morganlewis.com
Email: jeremy.menkowitz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Brian M. Ercole
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131
T: +1.305.415.3416
Email: brian.ercole@morganlewis.com

*Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a/ Watson Pharma, Inc.*